IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED NIMBA CITIZENS COUNCIL AND ANDREW WONGEH | : : : | CIVIL ACTION |
| V. | : : | |
| SHEDRICK GAYETAY AND PETER WEHYE | : : | NO. 07-3389 |

## ORDER-MEMORANDUM

**AND NOW**, this 1st day of October, 2007, upon consideration of the Plaintiffs' Motion to Remand (Doc. #5), Defendants' response thereto, and Defendants' Motion for Leave to Depose Andrew Wongeh (Doc. #8), **IT IS HEREBY ORDERED** that:

    1. The Motion to Remand is **GRANTED;**

    2. The Motion for Leave to Depose Andrew Wongeh is **DENIED**;

    3. This matter is **REMANDED** to the Court of Common Pleas of Philadelphia County, Pennsylvania; and

    4. The Clerk of the Court shall **CLOSE** this matter for statistical purposes.

Plaintiffs United Nimba Citizens' Council ("UNICCO") and Andrew Wongeh initiated this action in the Court of Common Pleas of Philadelphia County on August 2, 2007. Defendants Shedrick Gayetay and Peter Wehye removed the action to this Court on August 16, 2007, asserting both diversity and federal question jurisdiction. Eleven days later, on August 27, 2007, Plaintiffs filed a motion for remand, arguing that the action presents no federal question and that there is no diversity jurisdiction because the amount in controversy does not exceed the minimum jurisdictional amount of $75,000.00. In their response to that motion, Defendants abandon their assertion of federal question jurisdiction, but vigorously oppose Plaintiffs' assertion that the amount in

controversy is less than $75,000.00.  They have also filed a motion for leave to depose Andrew Wongeh "[i]n order to provide the Court with proof that the amount of controversy exceeds $75,000.00."  We conclude, however, that we need not reach the question of the amount in controversy as we find that Defendants have failed to establish that the parties to this action are diverse and thus, federal jurisdiction has not been established.[1]

      A defendant may remove a civil action filed in state court if the federal district court has original jurisdiction to hear the matter.  28 U.S.C. § 1441(b); Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Once a case has been removed from state court, however, the federal district court must remand the case if it appears that there is no subject matter jurisdiction.  28 U.S.C. § 1447(c).  Original jurisdiction based on diversity is present where the civil action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  28 U.S.C. § 1332.  The party asserting jurisdiction bears the burden of showing that the case is properly in federal court.  Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). Moreover, "'because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.'"  Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)).

      Under 28 U.S.C. § 1332, a district court has original jurisdiction over civil actions involving

---

[1] Although Plaintiffs do not argue that the citizenship requirements are not satisfied, we have a continuing duty to satisfy ourselves of jurisdiction before addressing the merits of a case.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993).  Thus, we may address any question of subject matter jurisdiction *sua sponte*.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), *overruled on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546 (2005).

sums greater than $75,000.00, as long as the action is between:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; [or]
> (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).  "For the purposes of this section, . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."  Id.

Here, the pleadings assert that Plaintiff UNICCO is incorporated in Minnesota and has its principal place of business in Pennsylvania.  (Notice of Removal ¶¶ 11-12).  UNICCO therefore is a citizen of both Minnesota and Pennsylvania.  See 28 U.S.C. § 1332(c) (stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")  Plaintiff Wongeh, according to Defendants, is a Liberian citizen.  (Not. of Removal. ¶¶ 3, 10.)  Meanwhile, Defendants assert that they are either citizens of Liberia or nationalized citizens of the United States from Liberia, who reside in Rhode Island. (Id. ¶ 3.)  Notably, Defendants at no time assert that they are "aliens admitted to the United States for permanent residence," and make no attempt to explain the significance of their possibly being "nationalized citizens of the United States from Liberia."  Accordingly, we will presume for purposes of this motion that they are citizens of Liberia, one of the citizenship possibilities that they have presented to us.[2]

---

[2] Defendants appear to believe that their state of residence is relevant in the diversity of citizenship analysis.  However, their state of temporary residence is irrelevant if they are citizens of a foreign state.  See 28 U.S.C. § 1332(a).  Moreover, even assuming *arguendo* that Defendants have been admitted to the United States for permanent residence, where they reside is still not determinative, as they would then be deemed to be citizens of the state in which they are domiciled.  See id.  Domicile is not necessarily the same as residence, because a person can reside in one place,

Where citizens of a foreign state are involved in an action, diversity must be based on either § 1332(a)(2) or § 1332(a)(3). However, § 1332(a)(2) "only grants jurisdiction in cases between aliens and citizens." Dresser Indus., Inc. v. Underwriters at Lloyd's of London, 106 F.3d 494, 499 (3d Cir. 1997). "Cases between aliens on one side and aliens and citizens on the other . . . do not fit th[at] jurisdictional pigeonhole." Id. Accordingly, where, as here, Defendants are Liberian citizens, one Plaintiff is also a Liberian citizen, and the other Plaintiff is a citizen of Minnesota and Pennsylvania, jurisdiction cannot be grounded on § 1332(a)(2). Similarly, jurisdiction cannot be based on § 1332(a)(3) under these circumstances, because that section "plainly requires that the dispute be between citizens of different states," and no Defendant in this case is a citizen of a state. Dresser Indus., 106 F.3d at 497.

Given that it is Defendants' burden to show that this case is properly in federal court, and Defendants have not established the citizenship of the parties such that we can conclude that the statutory diversity of citizenship requirements are satisfied, we grant Plaintiffs' Motion to Remand. In addition, because we base our decision on a lack of diversity, and Defendants sought leave to depose Andrew Wongeh solely for the purpose of proving the amount of controversy, their Motion for Leave to Depose Andrew Wongeh is denied.

BY THE COURT:

 /s/ John R. Padova, J.
John R. Padova, J.

---

but be domiciled in another. See Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)(citations omitted).